———, for appellee.

## HENRY BUCHTER *v.* COMMONWEALTH.

**Criminal Law—Instruction—Concealed Weapon.**

> Under § 2, Act March 10, 1854 (1 R. Stat., 414), in a prosecution for carrying a deadly weapon, the court properly refused to instruct the jury to find for defendant upon evidence sustaining the charge, but also conducing to prove that at the time of the alleged commission of the offense defendant had prepared to go, and was about to start on a journey from Louisville, Kentucky, to Salem, Indiana, in the absence of any evidence to show that defendant on such journey would be required to travel at night.

### APPEAL FROM LOUISVILLE CITY COURT.

December 8, 1872.

OPINION BY JUDGE HARDIN:

This is an appeal from a judgment of the Louisville City Court, imposing a fine upon the appellant for carrying concealed a deadly weapon, viz.: a pistol.

Upon evidence sustaining the charge, but also conducing to prove that at the time of the alleged commission of the offense the appellant had prepared to go, and was then about to start on a journey from Louisville, Kentucky, to Salem, in the state of Indiana; and the court having refused hypothetically to instruct the jury to find for the defendant on this evidence—the only question to be determined is whether or not it was lawful for the appellant, in view of the ordinary dangers of such a journey, alone, to start upon it armed with a concealed deadly weapon.

4

Under Section 2 of the "act to prohibit the carrying of concealed deadly weapons," approved March 10, 1854 (I. R. S., 414), it is lawful for persons so to be armed who are required by their business or occupation to travel during the night. But if performing the single brief trip, which was contemplated by the appellant, could be regarded as a business or occupation within the meaning of the statute there is an utter failure of evidence to show that the appellant was thereby required to travel in the night; and it would therefore be misleading and erroneous to instruct the jury, as the court was asked to do, for the defendant, with reference to his going to Salem, and the court properly refused to give the instructions based on the evidence relating to it.

Wherefore the judgment is affirmed.

*Green & Allen, for appellant.*

*Attorney General, for appellee.*